IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GEICO MARINE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WALTER LEE GRAVES,<br><br>　　　　　　Defendant. | Civil No. 1:20-cv-68-TSE-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on the motion for default judgment pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 11) submitted by plaintiff Geico Marine Insurance Company ("GMIC"). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in the plaintiff's favor for the reasons that follow.

**I. Procedural Background**

On January 21, 2020, GMIC filed the instant action against Walter Lee Graves (Dkt. No. 1). The complaint alleges that defendant either breached the explicit terms of his insurance policy with plaintiff or engaged in fraud with respect to an insurance claim. (Dkt. No. 1) 1-2. A summons for the complaint was issued on February 26, 2020 (Dkt. No. 5).  On March 24, 2020, a waiver of service was returned executed by defendant. (Dkt. No. 6). Under Fed. R. Civ. P. 12, a responsive pleading was due April 21, 2020; however, defendant failed to file a responsive pleading in a timely manner. Accordingly, on April 22, 2020, the plaintiff filed a request for clerk's entry of default (Dkt. No. 8), and the Clerk of Court filed an entry of default (Dkt. No. 10) that same day.

On May 11, 2020, the plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 11), along with a memorandum in support of plaintiff's motion for default judgment (Dkt. No. 12) and a notice of hearing on plaintiff's motion for default judgment (Dkt. No. 14). Subsequently, the Court issued an order directing that any objections to plaintiffs' motion be filed with the Clerk's Office by Friday, June 19, 2020, by 5:00 pm. (Dkt. No. 13). No objections were filed. Accordingly, the matter is now ripe for disposition.

## II. Factual Background

The following facts are established by the complaint and the memorandum in support of the plaintiff's motion for default judgment.

GMIC is a company organized under the laws of the State of Maryland, registered to do business in the Commonwealth of Virginia, with its headquarters and principal place of business in Springfield, Virginia. (Dkt. No. 1) 2.

Defendant Walter Lee Graves is a resident of Buford, Georgia. Plaintiff purchased an insurance policy from plaintiff for the period running from May 24, 2019 to May 24, 2020. *Id*. at 3. This policy insured defendant's boat for an agreed value of $10,866. *Id*. Defendant failed to make timely payments of his premiums under the policy. Id. As a result, plaintiff notified defendant it was cancelling the policy effective September 11, 2019. (Dkt. No. 1-2).

After the policy had been cancelled, on September 20, 2019, defendant and a friend used the boat for an excursion on a local lake. During this outing, the boat allided[1] with an unknown fixed object, damaging the vessel. (Dkt. No. 1) 3. The damage from the allision was such that the boat quickly began to sink and had to be immediately towed to shore. *Id*. The day following the allision, defendant called GMIC in an attempt to reinstate the policy. During this call, defendant

---

[1] Allision is a nautical term referring to the impact between a boat and a stationary object

was asked a number of questions, including whether the boat was still "sound, seaworthy, and undamaged", which defendant affirmed. *Id*. at 4.

Shortly after reinstating the policy defendant filed a claim for the damage done to the vessel. GMIC then arranged for a contractor to locate the defendant's boat, salvage it from the shoreline, and place it on a trailer. *Id*. at 4. GMIC paid $4,050 for this work. *Id*. at 6. The vessel was then taken to SS Marine Service in Buford, Georgia to assess its condition. Marine Service did so, and performed some minor repairs, billing $1,219 for that work. *Id*. at 5.

On September 24, 2019, an independent marine surveyor inspected the boat and determined that the allision had resulted in a "total constructive loss" and repairs would cost $26,723.16. *Id.* at 5.

On October 6, 2019, defendant submitted a Sworn Statement in Proof of Boat Loss and Salvage Agreement, claiming the agreed value of $10,886 for the allision, which he acknowledged occurred on September 20, 2019. *Id*. at 5. On January 20, 2019, GMIC rescinded the policy, apparently realizing it had been reinstated under false pretenses. *Id*.

Plaintiff seeks a declaratory judgment finding that there is no coverage for the damage caused by the allision because the policy was not in effect at the time the damage to the boat occurred. Plaintiff also alleges actual fraud and seeks return of the $15,389.92 it paid in reliance on Graves's false and intentional omissions. (Dkt. No. 1) 10. In the alternative plaintiff pleads constructive fraud (Count II) or fraud in the inducement of the policy (Count III).

**III. Jurisdiction and Venue**

Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1333(1), 28 U.S.C. § 1391(b)(3), and Rule 9(h) of the Federal Rules of Civil Procedure, because the insurance policy at issue is a maritime contract falling within the admiralty jurisdiction of this

Court. In addition, jurisdiction and venue are proper because Graves is subject to this Court's personal jurisdiction under the terms of the policy Graves was issued by GMIC, which requires any dispute arising under the policy to be brought in the United States District Court for the Eastern District of Virginia.

GMIC's policy (Dkt. No. 1-1) is a marine insurance policy to which federal admiralty law applies. According to *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321 (1955), "disputes regarding marine insurance contracts are governed by state law unless an established federal maritime common law rule applies, or the need for national uniformity warrants fashioning such a rule." *See Wilburn*, 348 U.S. at 321 (1955); *Graham v. Milky Way Barge, Inc.*, 811 F.2d 881, 885 (5th Cir. 1987). Therefore, marine insurance contracts generally are to be construed under the state law of the state in which the insurance contract was formed. *Wilburn Boat*, 348 U.S. at 321; *Graham*, 811 F.2d at 885.

In this case, the policy was delivered, to Graves, in Georgia. In addition, the policy provides that the "Controlling Law" will, in the absence of applicable federal admiralty law, be the law of the state listed on the policy's Declarations Page as the insured's address—which, in this case, is Georgia. (Dkt. No. 1-1) 20. Therefore, while federal admiralty law will apply where any federal maritime common law rule (such as *Uberrimae Fidei*) applies, and the law of Virginia will apply to analyze issues concerning the exercise of this forum's personal specific jurisdiction over Graves, to the extent that substantive federal admiralty law does not apply, the law of Georgia will. Therefore, the substantive issue of fraud is to be decided under Georgia law.

### IV. Standard of Review

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time

frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because defendant has not answered or otherwise timely responded, the well-pleaded allegations of fact in the complaint are deemed to be admitted.

**V. Analysis**

Having examined the record, the undersigned finds that the well-pled allegations of fact contained in the complaint—and supported by the plaintiff's motion for default judgment, establish plaintiff is entitled to default judgment in its favor and the requested relief as detailed below.

GMIC is entitled to a declaratory judgment finding that it is not required to provide insurance coverage for defendant's claim arising out of the allision. This is because the complaint alleges facts sufficient for the Court to determine that the allision occurred during a period when the policy was not in effect. As noted above, GMIC canceled the policy's coverage on September 11, 2019.  The allision giving rise to defendants' claim occurred on September 20, 2019. Defendant called GMIC on September 21, 2019 to reinstate his policy, which he was successful in doing. Then Graves submitted to GMIC his claim arising out of the

allision that same day. Hence, the policy cannot provide coverage for a claim arising out of the allision.

Plaintiff is also entitled to recoup the $15,389.92 paid in response to this claim and has plead sufficient facts to allege fraud. Under Georgia law, the tort of actual fraud has the following elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. *Lehman v. Keller*, 677 S.E.2d 415 (2009).

On September 21, 2019, Graves falsely represented to GMIC that the boat was "sound, seaworthy and otherwise undamaged." (Dkt. No. 1) 3. He omitted from the information he provided GMIC in his first call on September 21, 2019 the fact that the boat had been involved in the allision the night before, resulting in substantial hull damage to the vessel, requiring its intentional grounding to prevent it from sinking completely. *Id*. Given the timing and circumstances of this call, it is hard to conceive of how defendant would not have had an intent to deceive.[2] In reliance on defendant's representations, GMIC reinstated his policy. *Id.* On damages, as a result of Graves' material misrepresentations and omissions, GMIC paid to defendant $10,120.92 in insurance coverage for the boat, and it paid $5,269.00 to two third-party vendors for salvage of the boat and engine repair to the boat, under the defendant's policy.

Accordingly, plaintiff is entitled to a declaration that it was not required to provide insurance coverage to defendant and, further, to an award of damages in the amount of $15,389.92 because of defendant's actual fraud.

---

[2] However, even if such intent were not present, the defendant would still be liable based on plaintiff's alternative theory raised in count II of the complaint, for the tort of constructive fraud, which requires no intent to deceive. *Lawyers Title Ins. Corp. v. New Freedom Mortg. Corp.*, 285 Ga. App. 22, 25 (2007).

### VI. Recommendation

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of the plaintiff against defendant in the amount of $15,389.92 and declaring that plaintiff has no obligation to provide defendant Walter Lee Graves hull insurance coverage under his policy for any damage, losses, and/or expenses resulting from his boat's allision in Lake Lanier September 20, 2019.

### VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

August 4, 2020
Alexandria, Virginia